**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Kimberly H. Flores, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 08 C 7419 |
| vs. ) | |
| ) | Judge Kendall |
| Walgreen Co., an Illinois Corporation, ) | |
| Detective Ricardo Galarza, Officer ) | Magistrate Judge Nolan |
| S. McCleary, Officer S. Mantzke, ) | |
| Officer T. Kearbey, and the City of Aurora, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT SERGEANT THOMAS KEARBEY'S
ANSWER TO FIRST AMENDED COMPLAINT AT LAW**

NOW COMES Defendant, Sergeant Thomas Kearbey ("Kearbey"), by and through his attorneys, John B. Murphey, Yancey L. Pinkston, Jr. and Rosenthal, Murphey & Coblentz, and hereby answers Plaintiff's First Amended Complaint at Law as follows:

**INTRODUCTION**

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of Illinois, against Walgreen Co., an Illinois Corporation, Detective Ricardo Galarza, Officer S. McCleary, Officer S. Mantzke, Officer T. Kearbey, police officers of the City of Aurora, in their individual capacities and against the City of Aurora. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law.

**RESPONSE**: Kearbey admits that this Court has jurisdiction on this matter pursuant to 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law.

2. It is alleged that the individual police officers defendants, based on false accusations provided by employees of Walgreen Co., made an unreasonable seizure of the Plaintiff, Kimberly H. Flores, violating her rights under the Fourth and Fourteenth Amendments to the United States Constitution, and that these Defendants falsely arrested, illegally imprisoned, and maliciously prosecuted Plaintiff Kimberly Flores. It is further alleged that these violations and torts were committed as a result of policies and customs of the City of Aurora.

**RESPONSE**: Kearbey admits Plaintiff's First Amended Complaint contains said allegations and re-asserts his denials of the underlying substantive allegations contained in her First Amended Complaint.

## PARTIES

3. On April 21, 2007, and at all material times, the Plaintiff, Kimberly H. Flores, resided at 2419 Red Bud Lane, in the City of Aurora, State of Illinois.

**RESPONSE**: Kearbey admits the allegations contained in paragraph 3.

4. On April 21, 2007, and at all material times, Defendant, Walgreen Co., was an Illinois Corporation, doing business in the State of Illinois with stores throughout Cook County Illinois.

**RESPONSE**: Kearbey admits the allegations contained in paragraph 4.

5. On April 21, 2007, and at all material times, there were two franchises of Walgreen Co., located at 1221 N. Lake Street and 1207 N. Randall Road, City of Aurora, State of Illinois.

**RESPONSE**: Kearbey admits the allegations contained in paragraph 5.

6. On April 21, 2007, and at all material times, Defendant, Ricardo Galarza, Star No. 338, was a policeman employed by the City of Aurora on a full-time basis as a detective.

**RESPONSE**: Kearbey admits that at all material times, Galarza was a policeman employed by the City of Aurora on a full-time basis holding the rank of officer.

7. On April 21, 2007, and at all material times, Defendant, S. McCleary, Star No. 300, was a policeman employed by the City of Aurora on a full-time basis.

**RESPONSE**: Kearbey admits the allegations contained in paragraph 7.

8. On April 21, 2007, and at all material times, Defendant, S. Mantzke, Star No. 410, was a policeman employed by the City of Aurora on a full-time basis.

**RESPONSE**: Kearbey admits the allegations contained in paragraph 8.

9. On April 21, 2007, and at all material times, Defendant, T. Kearbey, Star No. 454, was a policeman employed by the City of Aurora on a full-time basis.

**RESPONSE**: Kearbey admits the allegations contained in paragraph 9.

10. Defendant Police Officers were at all times relevant to this complaint duly appointed and acting officers of the police department of the City of Aurora, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the Commonwealth of Illinois and/or the City of Aurora.

**RESPONSE**: Kearbey admits that the Defendant Police Officers were at all relevant times duly appointed officers of the Aurora Police Department and acting under color of law. Kearbey denies the remaining allegations contained in paragraph 10 and re-asserts his denials of the underlying substantive allegations contained in her First Amended Complaint.

11. Defendant, City of Aurora, is a Municipal Corporation located in Kane County Illinois and is the public employer of the said officers.

**RESPONSE**: Kearbey admits that Aurora is a municipal corporation and the public employer of the officers named in this lawsuit.

## FACTS

12. On January 13, 2007, Charles M. Larson (hereinafter "Larson"), of 1885 Farnsworth Avenue, City of Aurora, State of Illinois, contacted the Aurora police department relating to suspicious purchases made with his lost credit card.

**RESPONSE**: Kearbey admits that on January 22, 2007, Charles Larson contacted the Aurora Police Department. Kearbey denies the remaining allegations contained in paragraph 12.

13. Based on said report from a private person, the Aurora police department began an investigation.

**RESPONSE**: Kearbey denies the allegations contained in paragraph 13.

14. On January 17, 2007, Deanna Durbin (hereinafter "Durbin"), a Walgreens Co. cashier, contacted the Aurora police department and notified them of a woman who made suspicious purchases on January 12, 2007 and again on January 17, 2007.

**RESPONSE**: Kearbey admits that Mike Levine, the store manager of the Walgreens located at 1221 N. Lake Street, contacted the Aurora police concerning a woman who made suspicious purchases on January 12, 2007 and January 17, 2007. Kearbey admits Durbin was a witness to said purchases. Kearbey denies the remaining allegations contained in paragraph 14.

15. Durbin informed Defendant Aurora police officers, Ricardo Galarza, S. McCleary, S. Mantzke, T. Kearbey (collectively "the Aurora police officers") that she suspected this suspicious woman made purchases using Larson's credit card.

**RESPONSE**: Kearbey denies that Durbin made any statements to him on January 17, 2007. Kearbey denies the remaining allegations contained in paragraph 15.

16. Based on information received from Durbin, the Aurora police officers went to the Walgreens store located at 1221 N. Lake St., Aurora, Illinois and presented two employees – Durbin and store manager Kim Naumann – with a black and white photograph lineup.

**RESPONSE**: Kearbey admits that on January 24, 2007, Galarza went to the Walgreens located at 1221 N. Lake Street and presented Naumann and Durbin with a photograph lineup of six females. Kearbey denies the remaining allegations contained in paragraph 16.

17. Both Walgreens' employees separately used the photograph lineup to identify Plaintiff Kimberly Flores as the woman who made the suspicious credit card purchases using Larson's credit card.

**RESPONSE**: Kearbey admits that Naumann and Durbin were separately presented with the photograph lineup and both identified Flores as the individual who made suspicious credit card purchases using Larson's credit card.

18. Based in part on the aforesaid photograph identification, the Aurora police department concluded its investigation.

**RESPONSE**: Kearbey admits that on February 14, 2007, Galarza contacted Assistant State's Attorney Amy Engerman ("ASA Engerman") of the Kane County State's Attorney's Office and informed her of the results of his investigation which included Naumann's and Durbin's positive identification of Flores as the offender. Kearbey admits ASA Engerman authorized the charge of Unlawful Use of Credit Card, 720 ILCS 250/8. Kearbey denies the remaining allegations contained in paragraph 18.

19. On April 21, 2007, the Plaintiff received notification from the Aurora Police Department that a warrant was out for her arrest for unlawful use of a credit card.

**RESPONSE**: Kearbey does not have information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20. On April 21, 2007 at approximately 9:30 p.m., Plaintiff turned herself in to the Aurora Police Department.

**RESPONSE**: Kearbey admits the allegations contained in paragraph 20.

21. At said time and place, Plaintiff was handcuffed, arrested, finger printed, and detained by the Aurora Police Department.

**RESPONSE**: Kearbey admits Plaintiff was taken into custody and taken to the Aurora Police Department Booking area where she was processed.

22. At all relevant times herein the Plaintiff proclaimed her innocence and informed the Defendants that she was not involved in the fraud.

**RESPONSE**: Kearbey admits that on February 5, 2007, Plaintiff stated that she did not use a credit card at the Walgreens on January 17, 2007 and that she did not know Charles Larson.

23. At all relevant times herein the Plaintiff requested the Walgreens video surveillance tapes to prove her innocence, however they were never tendered.

**RESPONSE**: Kearbey does not have information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24. At all relevant times herein Plaintiff requested a lie detector be administered but one was never taken.

**RESPONSE**: Kearbey admits that on February 5, 2007, Plaintiff suggested a polygraph test be taken during the course of a non-custodial interview at the Aurora Police Department.

6

25.     Plaintiff was charged with credit card fraud.

**RESPONSE**: Kearbey admits Flores was charged with Unlawful Use of Credit Card, 720 ILCS 250/8.

26.     On June 16, 2008, a jury trial was held in the underlying criminal matter.

**RESPONSE**: Kearbey admits the allegations contained in paragraph 26.

27.     At said trial, Defendant, Detective, Ricardo Galarza, Star No. 338, testified that the arrest was warranted because two Walgreens employees separately picked the Plaintiff out of a photograph lineup.

**RESPONSE**: Kearbey admits the allegations contained in paragraph 27.

28.     At said trial, State's eyewitness, Durbin, testified that she did not identify the Plaintiff in a photograph lineup.

**RESPONSE**: Kearbey does not have information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29.     In defense of the criminal charges, the Plaintiff spent over $9,000.00 in attorneys and expert fees, costs, and expenses.

**RESPONSE**: Kearbey does not have information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30.     In defense of the criminal charges, the Plaintiff spent fourteen months vindicating herself of the charges.

**RESPONSE**: Kearbey does not have information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31.     The Plaintiff suffered humiliation, embarrassment and deprivation of personal liberty as a result of the above-described false arrest, imprisonment, and malicious prosecution.

**RESPONSE**: Kearbey does not have information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32. Based on the actions of Defendants, Plaintiff suffered great mental anguish, grief, sorrow and torment and continues to suffer from mental angst.

**RESPONSE**: Kearbey does not have information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

33. Plaintiff suffered additional economic loss due to the loss of employment opportunities and advancements.

**RESPONSE**: Kearbey does not have information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

## COUNT I

### 42 U.S.C. § 1983 Against Individual Defendants Agents of City of Aurora

1-33. Paragraphs 1 through 33 of the Facts Common to All Counts are incorporated herein by reference as though fully set forth.

**RESPONSE**: Kearbey adopts and incorporates herein by reference his answers to paragraphs 1 through 33.

34. Plaintiff was singled out and charged with credit card fraud based on shoddy and haphazard police work by the individual City of Aurora Defendant police officers.

**RESPONSE**: Kearbey denies the allegations contained in paragraph 34.

35. The Defendant Police Officers and City of Aurora had no grounds or sufficient evidence to prosecute the charges levied against the Plaintiff.

**RESPONSE**: Kearbey denies the allegations contained in paragraph 35.

36. The Defendants, acting in concert, intentionally, willfully, wantonly, and maliciously prosecuted the Plaintiff.

**RESPONSE**: Kearbey denies the allegations contained in paragraph 36.

37. At all times during the events described above, the Defendant Police Officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events. The state actors acted in concert to deprive Plaintiff of her liberty by subjecting her to judicial proceedings for which there was no probable cause and then maliciously continuing said proceedings.

**RESPONSE**: Kearbey denies the allegations contained in paragraph 37.

38. As a direct and proximate result of the said acts of the Defendant, the Plaintiff, Kimberly H. Flores, suffered the following injuries and damages:

    a. Violation of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable searches and seizures of their person;

**RESPONSE**: Kearbey denies the allegations contained in paragraph 38(a).

    b. Loss of her physical liberty;

**RESPONSE**: Kearbey denies the allegations contained in paragraph 38(b).

    c. Physical pain and suffering and emotional trauma and suffering, requiring the expenditure of money for treatment.

**RESPONSE**: Kearbey denies the allegations contained in paragraph 38(c).

39. The actions of the Defendant Police Officers violated the following clearly established and well-settled federal constitutional rights of the Plaintiff.

      a.      Freedom from the unreasonable seizure of their individual person;

**RESPONSE**: Kearbey denies the allegations contained in paragraph 39(a).

      b.      Freedom from the use of excessive, unreasonable and unjustified force against their individual person.

**RESPONSE**: Kearbey denies the allegations contained in paragraph 39(b).

40.    Plaintiff Kimberly H. Flores claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendant Police Officers Detective Ricardo Galarza, Officer S. McCleary, Officer S. Mantzke, Officer T. Kearbey, for violation of her constitutional rights under color of law.

**RESPONSE**: Kearbey denies the allegations contained in paragraph 40.

WHEREFORE, Kearbey prays that this Court dismiss Count I with prejudice.

## COUNT II

## 42 U.S.C. §1983 v. the City of Aurora

1-33.    Paragraphs 1 through 33 of the Facts Common to All Counts are incorporated herein by reference as though fully set forth herein.

**RESPONSE**: Kearbey adopts and incorporates herein by reference his answers to paragraphs 1 through 33.

34-40.    Paragraphs 34 though 40 of Count I are incorporated herein by reference as though fully set forth herein.

**RESPONSE**: Kearbey adopts and incorporates herein by reference his answers to paragraphs 34 through 40.

41. Prior to April 21, 2007, the City of Aurora developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Aurora, which caused the violation of Plaintiff's rights.

**RESPONSE**: Count II is not directed at Kearbey. Therefore, no answer is required.

42. It was the policy and/or custom of the City of Aurora to inadequately and improperly supervise and train its police officers, including the Defendant Police Officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

**RESPONSE**: Count II is not directed at Kearbey. Therefore, no answer is required.

43. As a result of the above described policies and customs, police officers of the City of Aurora, including the Defendant Police Officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

**RESPONSE**: Count II is not directed at Kearbey. Therefore, no answer is required.

44. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of Aurora to the constitutional rights of persons within the City of Aurora, and were the cause of the violations of Plaintiffs' rights alleged herein.

**RESPONSE**: Count II is not directed at Kearbey. Therefore, no answer is required.

WHEREFORE, Kearbey prays that this Court dismiss Count II with prejudice.

# COUNT III

## Malicious Prosecution Against Individual Defendant Agents of City of Aurora and the City of Aurora

1-33. Paragraphs 1 through 33 of the Facts Common to All Counts are incorporated herein by reference as though fully set forth herein.

**RESPONSE**: Kearbey adopts and incorporates herein by reference his answers to paragraphs 1 through 33.

34. Defendants Detective Ricardo Galarza, Officer S. McCleary, Officer S. Mantzke, Officer T. Kearbey, and the City of Aurora singled out Plaintiff as a suspect in the aforementioned credit card fraud investigation based on improper, incomplete and incorrect information received from Walgreens Co. employees.

**RESPONSE**: Kearbey denies the allegations contained in paragraph 34.

35. Defendants Detective Ricardo Galarza, Officer S. McCleary, Officer S. Mantzke, Officer T. Kearbey, and the City of Aurora singled out Plaintiff as a suspect in the aforementioned credit card fraud investigation based upon shoddy and haphazard police work.

**RESPONSE**: Kearbey denies the allegations contained in paragraph 35.

36. Defendants Detective Ricardo Galarza, Officer S. McCleary, Officer S. Mantzke, Officer T. Kearbey, and the City of Aurora arrested Plaintiff without legal justification and made said arrest without probable cause afforded under the Fourth and Fourteenth Amendments to the United States Constitution.

**RESPONSE**: Kearbey denies the allegations contained in paragraph 36.

37. Defendants Detective Ricardo Galarza, Officer S. McCleary, Officer S. Mantzke, Officer T. Kearbey, and the City of Aurora continued their malicious prosecution of Plaintiff despite knowledge that certain key witnesses would be unable to identify Plaintiff at trial.

**RESPONSE**: Kearbey denies the allegations contained in paragraph 37.

38. Plaintiff was charged with credit card fraud and was subjected to criminal proceedings whereby she had to hire an attorney to defend her.

**RESPONSE**: Kearbey admits Flores was charged with Unlawful Use of Credit Card, 720 ILCS 250/8. Kearbey admits that Flores was prosecuted on said charge. Kearbey does not have information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 38.

39. Plaintiff was found not guilty at trial.

**RESPONSE**: Kearbey does not have information sufficient to form a belief as to the truth of the allegations contained in paragraph 39.

40. As a direct and proximate result of said malicious prosecution, Plaintiff Kimberly H. Flores suffered damages as aforesaid.

**RESPONSE**: Kearbey denies the allegations contained in paragraph 40.

WHEREFORE, Kearbey prays that this Court dismiss Count III with prejudice.

## COUNT IV

**Malicious Prosecution Against Defendant Walgreen Co. Under Illinois Law**

1-33. Paragraphs 1 through 33 of the Facts Common to All Counts are incorporated herein by reference as though fully set forth herein.

**RESPONSE**: Kearbey adopts and incorporates herein by reference his answers to paragraphs 1 through 33.

34. Defendant Walgreen Co., by and through the actions of its employees, wrongfully and maliciously used the photograph lineup to identify Plaintiff Kimberly Flores as the woman who made the suspicious credit card purchases using Larson's credit card.

13

**RESPONSE**: Count IV is not directed at Kearbey. Therefore, no answer is required.

35. Plaintiff was indicted for credit card fraud and endured a criminal trial based in part upon the improper and incorrect identification by Walgreens Co. employees of Plaintiff in the photograph lineup.

**RESPONSE**: Count IV is not directed at Kearbey. Therefore, no answer is required.

36. Plaintiff was charged with credit card fraud and was subjected to criminal proceedings whereby she had to hire an attorney to defend her.

**RESPONSE**: Count IV is not directed at Kearbey. Therefore, no answer is required.

37. Plaintiff was found not guilty at trial.

**RESPONSE**: Count IV is not directed at Kearbey. Therefore, no answer is required.

38. As a direct and proximate result of said malicious prosecution, Plaintiff Kimberly H. Flores suffered damages as aforesaid.

**RESPONSE**: Count IV is not directed at Kearbey. Therefore, no answer is required.

WHEREFORE, Kearbey prays that this Court dismiss Count IV with prejudice.

## COUNT V

### False Arrest and Illegal Imprisonment Against All Defendants

1-33. Paragraphs 1 through 33 of the Facts Common to All Counts are incorporated herein by reference as though fully set forth herein.

**RESPONSE**: Kearbey adopts and incorporates herein by reference his answers to paragraphs 1 through 33.

34. Defendant Police Officers Detective Ricardo Galarza, Officer S. McCleary, Officer S. Mantzke, Officer T. Kearbey, based upon incorrect and improper information received

from Walgreens Co. employees, illegally arrested and forcibly took Plaintiff against her will into custody and imprisoned her without probable cause.

**RESPONSE**:  Kearbey denies the allegations contained in paragraph 34.

35.    Are a direct and proximate result of said illegal arrest and imprisonment, Plaintiff Kimberly H. Flores suffered damages as aforesaid.

**RESPONSE**:  Kearbey denies the allegations contained in paragraph 35.

WHEREFORE, Kearbey prays that this Court dismiss Count V with prejudice.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### Probable Cause

1. Probable cause existed for the arrest and prosecution of Flores.

### SECOND AFFIRMATIVE DEFENSE
### Qualified Immunity

1. As to each count of the First Amended Complaint, Kearbey did not violate any clearly established constitutional right of which a reasonable person would have known.

2. Kearbey is entitled to qualified immunity.

### JURY DEMAND

Defendant, Sergeant Thomas Kearbey, demands trial by jury.

                                              Respectfully submitted,

                                              SERGEANT THOMAS KEARBEY

                          By:      /s/ John B. Murphey
                                      His Attorney

JOHN B. MURPHEY
YANCEY L. PINKSTON, JR.
Rosenthal, Murphey & Coblentz
30 N. LaSalle Street, Suite 1624
Chicago, Illinois 60602
(312) 541-1070
(312) 541-9191 (fax)

**CERTIFICATE OF SERVICE**

       I hereby certify that on April 24, 2009, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of said filing to all parties listed below:

| | |
|---|---|
| Victor F. Ciardelli | Gregory Donald Conforti |
| Ciardelli & Cummings | Christopher W. Loweth |
| 19 West Jackson Boulevard | Michael C. Holy |
| 3rd Floor | Johnson & Bell, Ltd. |
| Chicago , Illinois 60604 | 33 West Monroe Street |
| | Suite 2700 |
| | Chicago , Illinois 60603 |

                                              /s/ Douglas M. Doty
                                      ROSENTHAL, MURPHEY & COBLENTZ
                                      Attorney for Certain Defendants
                                      30 North LaSalle Street, Suite 1624
                                      Chicago, Illinois 60602
                                      Tel. (312) 541-1070
                                      Fax: (312) 541-9191